ELIZABETH M. PECK (SBN 277794)
MYTHILY SIVARAJAH (SBN 252494)
**PECK-LAW,** *Employment & Civil Rights*
1010 Fair Ave., Ste. H
Santa Cruz, CA 95060
Tel: 408-332-5792
Fax: 408-332-5793
lisa@peck-law.com
mythily@peck-law.com

Attorneys for Plaintiff
RICHARD STORMS

LESLIE J. GIRARD (SBN 98986)
County Counsel
SUSAN K. BLITCH (SBN 187761)
Assistant County Counsel
WILLIAM M. LITT (SBN 166614)
Deputy County Counsel
GRACE L. PAK (SBN 263733)
Deputy County Counsel
COUNTY OF MONTEREY
Office of the County Counsel
168 West Alisal Street, Third Floor
Salinas, California 93901
Telephone: (831) 755-5045
Facsimile: (831) 755-5283
LittWM@co.monterey.ca.us

Attorneys for Defendant
COUNTY OF MONTEREY

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD STORMS,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>COUNTY OF MONTEREY; and DOES 1-50, inclusive<br><br>　　　　Defendants. | Case No. 5:20-cv-07913-NC<br>(Assigned for all purposes to the Hon. Nathanael Cousins)<br><br>**JOINT FURTHER CASE MANAGEMENT STATEMENT**<br><br>Further CMC:　　　August 11, 2021<br>Complaint Filed:　September 30, 2020<br>Removal Date:　　November 10, 2020<br>Trial Date:　　　　August 8, 2022 |

The undersigned counsel for Plaintiff Richard Storms ("Plaintiff") and Defendant County of Monterey ("Defendant") met and conferred by email on August 3-4, 2021 to discuss the matters set forth in Fed. R. Civ. P. 26(f) and hereby submit this Joint Further Case Management Conference Statement pursuant to the *Standing Order for All Judges of the Northern District of California* and Civil Local Rule 16-9. Insofar as the Court has already set its scheduling order, this Joint Further Case Nanagement Statement does not attach a newly proposed order.

1. <u>Jurisdiction & Service</u>    Plaintiff filed his case in the Superior Court of Monterey County on September 30, 2020. Defendant filed its Answer to the Complaint in Monterey Superior Court on November 9, 2020, and removed the case on November 10, 2020. No parties remain to be served, other than potential Doe Defendants, whose identities are unknown at this time.

2. <u>Facts.</u>

*Plaintiff's Position.*    Richard Storms Jr. is a Deputy District Attorney for Defendant Monterey County. He has worked in that capacity since 2002, and continues to do so, and he has competently performed his job duties. Plaintiff has disabilities known to Defendant since at least 2015 when he was hospitalized on an emergency basis and almost perished. He suffers recurring bouts of his disabling conditions for which he has periodically needed accommodations, and his accommodations needs were known to Defendant. Until 2017, Defendant approved his accommodations requests without issue. In June 2017, Mr. Storms was reassigned to a different department as part of his accommodations; he was then appointed a new supervisor, Chief Assistant District Attorney Matheson. After his reassignment, Plaintiff's accommodations needs were disregarded, ignored, or outright violated and he was subjected to discrimination and harassment based upon his disabilities. Defendant began questioning the veracity of Plaintiff's accommodations requests, it failed to engage in good faith interactive processes with him, and it failed to reasonably accommodate him. In some instances, Defendant obstructed, blocked, or withdrew previously approved accommodations. In September 2017, Matheson moved Plaintiff to a new assignment that violated his approved accommodations; Matheson revoked Mr. Storms's previously approved vacation in October 2017; he issued Plaintiff a negative

performance evaluation in February 2018, and he instructed Plaintiff's coworkers not to speak to him socially or have social interaction with Plaintiff while at work. Among other acts, Matheson called Plaintiff to his office after hours and berated Plaintiff for his disability. Matheson further embarrassed Mr. Storms with questions and forced explanations about Mr. Storms's bathroom habits which Matheson deemed to be "bizarre." Matheson called Plaintiff a liar, implying that his disability was faked. Mr. Storms reported Matheson's behavior to Defendant's Managing Deputy District Attorney, but the conduct continued unabated. Defendant further retaliated against Mr. Storms after he opposed the conduct.

In mid-October, 2018, Mr. Storms notified Matheson of his need for medical leave because his condition was exacerbating; Defendant approved the leave. On or about November 13, 2018, after Plaintiff had returned to work, he informed Defendant's Chief Assistant District Attorney of his need for diagnostic testing for cancer that was to occur after Christmas, and he provided Matheson and the Chief ADA a copy of his doctor's note. Matheson called Plaintiff into his office, yelled at him, called Plaintiff a liar, and referred to his disability as "bullshit." Plaintiff then understood Matheson to tell him, in words or substance, that Matheson was going to "get him." Plaintiff reported these interactions to the Chief ADA, indicating that he did not want to interact with Matheson any further unless ordered to do so. Plaintiff was instructed to keep working with Matheson until such time as he could be moved out from under Matheson's supervision. During the time that Plaintiff was required to keep working under Matheson's supervision, Matheson continued to nitpick and berate Plaintiff's work and he wrongfully accused Plaintiff of trying to get out of conducting a jury trial. On or about November 14, 2018, Mr. Storms reported this and Matheson's other conduct to Defendant's Human Resources Department and to the then District Attorney, Dean Flippo. Plaintiff was informed that Defendant wanted to handle the issue "in-house," and he was requested not to file anything. On November 19, 2018, Plaintiff was reassigned to work under the supervision of the Chief ADA. Yet, on January 24, 2019, Matheson replaced Mr. Storms as the prosecutor on a jury trial that Plaintiff was about to begin, and as to which he had already confirmed his assignment in writing. Three weeks later, Matheson issued Plaintiff a notice of discipline in which he accused Plaintiff

of dereliction of duty, unprofessional conduct, dishonesty, poor judgment, disloyalty, not filling in required forms and charging notes, failing to follow directives, and being a discredit to the office. Plaintiff appealed the discipline, requesting a Skelly Hearing. The Managing Deputy District Attorney to whom Plaintiff had previously reported Matheson's conduct, without effect, was appointed as the Skelly Hearing officer. During those proceedings, the Managing DDA rejected Plaintiff's mitigating evidence and refused to consider anything other than "the four corners" of Matheson's notice of discipline; yet, he did consider Matheson's negative evaluation of Plaintiff, notwithstanding Plaintiff's information that Matheson's evaluation contained several false and misleading statements that were disprovable by the same mitigating evidence that the Managing DDA refused to consider. The Managing DDA knew of Plaintiff's reports of discrimination, harassment and retaliation against Matheson, and he informed Plaintiff that the new District Attorney, DA Pacioni, would meet with Plaintiff. She subsequently refused to do so. In early March 2019, Mr. Storms reported the harassment, discrimination, and retaliation to Monterey County's Civil Rights Office ("Monterey County CRO"); he also reported his complaints to the EEOC. On April 26, 2019, Plaintiff received his Skelly Hearing decision (45 days late) which essentially rubber-stamped Matheson's disciplinary decision. On April 27, 2019, Plaintiff was demoted from DDA IV Step 7 to DDA IV Step 3, and his pay was reduced from $80.964 to $66.118 per hour, which reduction and demotion lasted until August 16, 2019.

      Subsequently, shortly after Defendant responded to Plaintiff's EEOC Charge, Plaintiff was assigned what was tantamount to two full-time jobs. Plaintiff understood this assignment as retaliation for his EEOC Charge and his Monterey County CRO complaint. A few weeks later, Plaintiff's supervisor informed Plaintiff that DA Pacioni did not want Plaintiff to "walk around the office" anymore, referring to Plaintiff practice of taking periodic and daily walks inside and outside the office to relieve his discomfort, symptoms, and pain associated with his disability; he was then required by Defendant to provide a medical note if he wanted to walk as an accommodation, and he was informed he could not "start walking" until he received HR approval. He received HR approval after providing medical certification of his need to periodically walk and move about. Plaintiff's coworkers were not similarly restricted before

being allowed to walk within or outside the office, which was a common practice amongst his coworkers. On December 19, 2019, Plaintiff's Monterey County CRO complaint was closed without explanation. On February 11, 2020, Mr. Storms was moved into another role with the Defendant's District Attorney's filing unit, with the Chief ADA as his manager where he has successfully performed his work and has earned positive evaluations. In addition to the discrimination, harassment, retaliation, failure to accommodate and/or engage in a good faith interactive process, Defendant failed to prevent discrimination, harassment and retaliation, and it failed to take immediate corrective actions nor did it conduct effective, unbiased investigations into Plaintiff's complaints. Moreover, Defendant's conduct constitutes unlawful whistleblower retaliation, and it deprived Mr. Storms of his federally protected civil rights, including his rights to due process. Plaintiff has suffered harm and damage because of Defendant's acts.

*Defendant's Position.*

Plaintiff Richard Storms has been a Deputy District Attorney with Defendant since September 2002. He currently as a Deputy District Attorney IV. In April of 2017, Plaintiff requested and was provided a reasonable accommodation, which consisted of a temporary transfer to a new position covering Drug Court, under the supervision of Assistant District Attorney Doug Matheson. Upon expiration of the reasonable accommodation, Plaintiff did not provide any documentation to indicate that continued accommodation was needed. He informed his supervisor in February of 2018 that he had no limitations on his caseload or ability to conduct jury trials. Nevertheless, Plaintiff expressed to ADA Matheson that he did not like or want to do jury trials, as he only had a few more years before retirement.

In August of 2018, Plaintiff was assigned to cover "Misdemeanor Court" because of operational needs of the DA's Office. In mid-October of 2018, plaintiff took a medical leave of absence due to the alleged stress and workload of his new assignment. In mid-November of 2018, upon receipt of medical certification, Defendant engaged in the interactive process with Plaintiff. As a result, Plaintiff was given temporary reasonable accommodations consisting of a reduced caseload, a 20-minute break after one hour in court, and limited stress situations for a period of approximately three weeks. In January of 2019, Plaintiff was

reassigned to the Writs and Appeals division under Chief Assistant District Attorney Berkley Brannon.

In February of 2019, ADA Matheson issued a Proposed Notice of Discipline to Plaintiff due to dereliction of duty, unprofessional conduct, dishonesty, poor judgment, violation of Monterey County District Attorney policies, failure to abide by supervisory and management directives, and conduct causing discredit to the office. The discipline arose out of Plaintiff's handling of two cases: 1) settling a child abuse case for a plea to disturbing the peace, failing to consult with his supervisor before accepting the plea bargain, and being untruthful about the circumstances with his supervisors, including misrepresenting what a judge said; and 2) allegedly encouraging a fellow Deputy District Attorney to speak with her fiancé, a California Highway Patrol Officer, regarding dropping a complaint against a criminal defendant.

Following a *Skelly* hearing, the proposed discipline was upheld, resulting in a reduction in salary from a Deputy District Attorney IV, Step 7, to Deputy District Attorney IV, Step 3, from late April 2019 to mid-August 2019.

In March of 2019, Plaintiff filed a complaint with the Monterey County Civil Rights Office ("CRO") alleging discrimination and retaliation. In June of 2019, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC"). In December of 2019, the CRO concluded its investigation and found the allegations of discrimination and retaliation not substantiated.

3. <u>Legal Issues</u>  The principal disputed legal issues are as follows:

*Plaintiff's Position*:

    a.    Whether Defendant discriminated against Mr. Storms based on his disability, in violation of FEHA;

    b.    Whether Defendant harassed Mr. Storms based on his disability, in violation of FEHA;

    c.    Whether Defendant failed to reasonably accommodate Mr. Storms' disability, in violation of FEHA;

-6-
JOINT CASE MANAGEMENT STATEMENT– Case No. 5:20-cv-07913-NC

| | | |
|---|---|---|
|  | d. | Whether Defendant failed to engage in the interactive process with respect to Mr. Storms' reasonable accommodation requests, in violation of FEHA; |
|  | e. | Whether Defendant retaliated against Mr. Storms because of reporting concerns of discrimination, harassment and failure to reasonably accommodate, in violation of FEHA and in violation of California's Labor Code §1102.5; |
|  | f. | Whether Defendant failed to prevent discrimination, harassment and retaliation, in violation of FEHA; |
|  | g. | Whether Defendant retaliated against Mr. Storms for exercising his California Family Rights Act ("CFRA") and FMLA leave entitlements, in violation of FEHA and the FMLA; |
|  | h. | Whether Defendant deprived Mr. Storms of his federal civil rights pursuant to 42 U.S.C. §1983. |

*Defendant's Additional Issues*:

a. Whether Plaintiff is an individual with a disability as defined by FEHA;

b. Whether Plaintiff was satisfactorily performing the functions of a Deputy DA IV, Step 7 at all relevant periods of time, and is able to perform the essential job functions with or without a reasonable accommodation.

c. Whether the disciplinary action taken against Plaintiff constituted retaliation for complaining of alleged discrimination, in violation of FEHA and California Labor Code §1102.5, or was an appropriate, nonretaliatory, response to Plaintiff's professional misfeasance and malfeasance;

d. Whether Plaintiff was entitled to leave pursuant to CFRA or FMLA under the circumstances at issue;

e. Whether Defendant interfered with Plaintiff's use of leave under the FMLA;

f. Whether Defendant deprived Plaintiff of Plaintiff's federal civil rights pursuant to 42 U.S.C. §1983;

g. Whether Plaintiff complied with the California Government Claims Act with regard to non-FEHA claims under state law;

  h.  Whether Plaintiff exhausted his administrative remedies;

  i.  Whether Defendant is immune to any or all asserted causes of action under California or federal law.

  j.  Whether all of the asserted causes of action and remedies apply to public entities such as Defendant.

  k.  Whether, even if he were to prevail in this action, Plaintiff is entitled to injunctive or declaratory relief, prejudgment interest, fines or penalties, or any other remedy requested.

4. <u>Motions</u>

  a.  Plaintiff's Intended Motions.

    i.  Plaintiff anticipates filing a Motion for (Partial) Summary Judgment, the briefing schedule for which has already been set by this Court in its Scheduling Order, Dkt. No. 20;

    ii.  Plaintiff intends to file motions in limine as necessary.

  b.  Defendant's Intended Motions.

    iii.  Defendant contends that the affirmative defenses asserted in its answer are proper and adequate, but it is willing to meet and confer regarding amendment.

    iv.  Defendant anticipates filing a Motion for Summary Judgment or Partial Summary Judgment.

    v.  Defendant intends to file motions in limine.

5. <u>Amendment of Pleadings</u>  Plaintiff does not, at this time, anticipate an amendment of his Complaint. The parties intend to meet and confer further about Defendant's answer, which may lead to amendment of the answer.

6. <u>Evidence Preservation</u>  The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and met and conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding preservation matters. The parties agree that they shall preserve evidence in electronic or other form that they reasonably and in good faith believe may be relevant to the issues reasonably evident in this action.

7. <u>Disclosures</u>    Pursuant to General Order 71 Governing Initial Discovery Protocols in Employment Actions, the parties exchanged initial disclosures on December 23, 2020 and will supplement disclosures as necessary. Defendant has agreed to review its ESI production and to reproduce to Plaintiff in an accessible and native format if feasible.  Defendant does not concede that Plaintiff is entitled to metadata unless a genuine issue arises as to the authenticity of any document, but will further meet and confer regarding this issue.

8. <u>Discovery</u>    Defendant has agreed to review its ESI production and to reproduce to Plaintiff in an accessible and native format if feasible. As noted in section 7, Defendant does not concede that Plaintiff is entitled to metadata but is willing to further meet and confer.

By stipulation, the parties propounded and responded to California Judicial Council form interrogatories. They also propounded and responded to one set (each) of Requests for Production of Documents pursuant to Fed. R. Civ. P. 34. The parties anticipate serving interrogatories and/or requests for admission pursuant to Fed. R. Civ. P. 33 and 36

Defendant took the deposition of Plaintiff Richard Storms on August 2, 2021.  Plaintiff has noticed the deposition of Monterey County District Attorney Jeannine Pacioni for September 9, 2021, and the parties are in the process of scheduling Assistant District Attorney Doug Matheson's deposition during the last week of August.  The parties also anticipate taking the depositions of multiple witnesses.  Plaintiff intends to conduct a Fed. R. Civ. P. Rule 30(b)(6) deposition of the public entity Defendant. Plaintiff has indicated to Defendant his need for additional depositions in excess of 10, and he reserves the right to conduct in excess of 10 fact-witness depositions.  Having taken Plaintiff's deposition, Defendant now believes it, too, may require in excess of 10 depositions.  Should either party require more than 10 fact-witness depositions, the parties will meet and confer. If they cannot agree, they will seek the court's intervention.

Plaintiff intends to seek discovery related to the facts and evidence supporting Plaintiff's claims and damages, and related to the facts and evidence supporting Defendant's general denial and affirmative defenses. Defendant intends to seek discovery related to Plaintiff's allegations and causes of action, damages, and Defendant's affirmative defenses.

1  The parties intend to conduct expert witness depositions, the number of which shall be
2  based upon the parties' respective expert disclosures.
3  The parties propose to conduct discovery in phases to conserve the parties' resources
4  such that expert disclosures and discovery shall occur after this court's decision on any summary
5  judgment motion (partial or otherwise). If an expert declaration supports a summary judgment
6  motion, the parties shall meet and confer as to that expert's disclosure and discovery schedule. In
7  the event no summary judgment motion is filed, then expert disclosures and discovery will
8  conform to the FRCP and Local Rules.
9  The parties have stipulated to a Protective Order, which the parties agree to apply to
10 discovery concerning Plaintiff's medical condition, his employment, financial and/or personnel
11 records, and other private, personal, or confidential matters relative to either party. Should
12 Defendant subpoena Plaintiff's medical or counseling records the parties respectfully request
13 entry of a "First Look Agreement" relative to any subpoena for such records. The parties agree
14 to meet and confer regarding the same prior to seeking court intervention.

9. <u>Class Actions</u>  Not Applicable.

10. <u>Related Cases</u>

- <u>Wickersham v. County of Monterey,</u> Case No. 20-cv-07917-BLF (removed 11/10/2020)

Plaintiff considers that consolidation of the above-mentioned case with the case referenced immediately above is prudent given what he contends is in the interest of litigation and judicial expediency insofar as he contends a common set of claims, facts, witnesses, pattern, practice, and alleged unlawful conduct by the same Defendant (and its management level employees and/or officials) towards its similarly situated employees. In the companion case, however, Hon. Beth Labson Freeman's Scheduling Order precluded the parties from seeking consolidation.

Defendant disputes that these two cases are related and will oppose any motion to consolidate or relate the above-referenced cases.

11. <u>Relief</u>  Plaintiff seeks the following relief: compensatory damages (including emotional

distress); economic relief, including back pay and front pay; equitable relief; prejudgment interest; and special damages (including out of pocket costs and expenses incurred as a result of Defendants' conduct); liquidated damages as may be available under the FMLA; attorneys' fees and costs. Plaintiff also makes a claim for relief to offset any adverse tax consequence of a damages award to equalize the value of any award making Plaintiff whole, which will be the subject of expert testimony.

Defendant requests that Plaintiff take nothing based on the claims set forth in the Complaint, that Defendant be awarded its costs of suit; and that Defendant be awarded reasonable attorneys' fees.

12. <u>Settlement and ADR</u>  The parties participated in a mediation with Northern District panelist Otis McGee on June 4, 2021. The case did not settle. The parties are amenable to considering another mediation session with Mr. McGee at a mutually convenient time, after further deposition discovery is conducted.

13. <u>Consent to Magistrate Judge For All Purposes</u>  The parties have consented to Magistrate Judge Nathanael Cousins.

14. <u>Other References</u>  The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues</u>  Although Plaintiff seeks Defendant's amendment of its Answer's affirmative defenses in an effort to narrow the pertinent issues for discovery and trial, Defendant has not as yet agreed to do so; however, the parties intend to further meet and confer. The parties also agree to meet and confer post-discovery to discuss joint stipulations of fact and/or law as required by Local Rules.

16. <u>Expedited Trial Procedure</u>  At this time, the parties do not see this case as appropriate for expedited handling.

17. <u>Scheduling</u>

Pursuant to the parties' stipulation and the convenience of the Court, the Court has established the following schedule:

Fact Discovery Cut-off:                                               December 31, 2021

| | | |
|---|---|---|
| Dispositive Motion Cut-off: | | February 25, 2022 |
| Last Day to Hear Dispositive Motions: | | April 6, 2022 |
| Expert Disclosures: | | April 22, 2022 |
| Expert Discovery Cut-off: | | May 20, 2022 |
| Final Pretrial Conference (*Parties' Trial Readiness*): | | July 20, 2022 |
| Trial: | | August 8, 2022 |

18. <u>Trial</u>   Plaintiff has requested a jury trial and anticipates 7-10 court days for trial (if no consolidation with related case).  Defendant concurs and likewise requests a jury trial.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>   Plaintiff filed his Disclosure of Non-Party Interested entities or Persons. Defendant is a public entity and there are no non-party interested entities or persons with regard to Defendant.

20. <u>Professional Conduct</u>  All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.\

21. <u>Other</u>   Two-day extensions, excluding weekends and court holidays, will apply to responsive documents when a party is served via electronic means.

Respectfully submitted,

Date: August 4, 2021            PECK-LAW, *Employment & Civil Rights*

                         By:    **/s/ Elizabeth M. Peck**
                                Elizabeth M. Peck
                                Mythily Sivarajah
                                Counsel for Plaintiff
                                RICHARD STORMS

Date: August 4, 2021					COUNTY OF MONTEREY

							By:	__/s/ **William M. Litt**_____
								William M. Litt
								Grace Pak
								Counsel for Defendant
								COUNTY OF MONTEREY

IT IS SO ORDERED.

Dated: _____


							_____
							Hon. Nathanael Cousins
							United States Magistrate Judge